## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2015, 10:06 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Amy O. Carson | Kathleen M. Meek |
| Ashley L. Balicki | Justin T. Bowen |
| Mitchell Law Group | Bowen & Associates, LLC |
| Indianapolis, Indiana | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| In the Matter of the Paternity of C.N.W.: | March 17, 2015 |
| | Court of Appeals Case No. 29A04-1407-JP-300 |
| Christa E. Phelps, | |
| *Appellant-Respondent,* | Appeal from the Hamilton Circuit Court |
| v. | The Honorable Judith S. Proffitt, Senior Judge |
| Mark L. Wishart, | Cause No. 29C01-1210-JP-1535 |
| *Appellee-Petitioner.* | |

**Kirsch, Judge.**

[1]     Christa E. Phelps ("Mother") appeals the trial court's order determining child support obligations pursuant to Mark L. Wishart's ("Father") petition to establish paternity. Mother raises several issues regarding the calculation of

child support. Because we find insufficient competent evidence in the record to determine if the child support obligations were properly calculated, we vacate the trial court's judgment and remand for a new hearing.

[2] Mother and Father are the parents of one child, C.N.W. At the time of C.N.W.'s birth, the parents were in a relationship, and began living together around June 2012. They separated and began living separately in September 2012. On October 15, 2012, Father filed a petition to establish child support. Father is a full-time realtor and is paid on a commission basis for his services. In addition to being a realtor, Father owns and manages approximately nineteen rental properties. Father characterizes these properties as his retirement plan and asserts that they will not make a profit until the mortgages on them are paid in full.

[3] At the April 7, 2014 hearing on Father's petition, he presented evidence that in 2013 the costs associated with the rental properties exceeded the gross rental receipts, resulting in a net loss of $3,134.17. The business expenses that Father deducted from the gross rental receipts included, but were not limited to, maintenance, repairs, mortgage interest, mortgage principal, property taxes, and insurance. Father testified that he did approximately 75% of the repairs to the properties himself, but that some needed to be outsourced to outside contractors. In determining repair and maintenance costs, Father testified he did not place a value on the work he performed, but only included the actual costs incurred. At the time of the hearing, several of the mortgages on the

rental properties had been paid off, and Father testified he was accelerating the payment on one of the properties. *Tr.* at 55-56.

[4]    On April 14, 2014, the trial court issued its order on child support. It found that Father's expenses exceeded the gross rental receipts from his rental properties and that the rental properties generated no income for Father. The trial court found Father's gross weekly income to be $580 per week, which was consistent with the income on Father's 2013 Form 1099 reflecting his commissions as a realtor. The trial court imputed a minimum wage of $290 per week to Mother as, at the time, she was a full-time student, working only on a part-time basis. The trial court did not deviate from the Indiana Child Support Guidelines.

[5]    On appeal, Mother argues, in part, that the trial court erred in its calculation of Father's gross income for child support purposes, specifically that the trial court erred in reducing Father's gross income by failing to take into account his rental income and deducting the mortgage payments and in deducting repairs and maintenance for the properties. In our review of the record, we conclude that Father failed to provide sufficient competent evidence with which to determine how his rental income and expenses should have been calculated. We were unable to find mortgage documents in the record for each of Father's rental properties that reflected the actual monthly mortgage amounts owed on each property. We were also unable to find documentation detailing the repairs and maintenance performed on the properties. With such evidence lacking from the record, the trial court was left to make its determination on conclusory evidence presented by Father. Because such evidence was not presented to the trial

court, we conclude that the trial court abused its discretion in its calculation of child support and in basing its determination on conclusory evidence. We vacate the trial court's judgment and remand for a new hearing so that adequate evidence can be presented to determine whether Father is paying the correct amount on his mortgage payments for the rental properties such that the payments may properly be deducted and to show an itemization of the repairs and maintenance performed on the rental properties to determine if such amounts can properly be deducted.

[6]     Vacated and remanded with instructions.

Friedlander, J., concurs.

Crone, J., concurs in result.